UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY P. SMITH,

        Plaintiff,

                              Case Number 05-10060-BC
v.                            Honorable David M. Lawson

EATON CORPORATION,

        Defendant.
_____/

**ORDER GRANTING AND DENYING VARIOUS MOTIONS,
DIRECTING SUPPLEMENTAL RESPONSE, ESTABLISHING CERTAIN
DEADLINES WITH RESPECT TO MOTIONS AND FACILITATION,
AND ADJOURNING TRIAL**

On January 3, 2005, the plaintiff, Jeffery Smith, filed a complaint in the Saginaw County circuit court alleging that the defendant violated Michigan's Persons with Disabilities Civil Rights Act ("MPDCRA") when it failed to restore or hire him to an engineering position following a hunting accident that rendered him quadriplegic. The plaintiff had worked for the company prior to the accident as a manufacturing supervisor, and as of the present date is qualified to participate in the company's long-term disability plan because he "is totally and continuously unable to engage in any occupation or perform any work for compensation for which [he is], or may become, reasonably well fitted by reason of education, training or experience – at Eaton Corporation or elsewhere." Def.'s Mot. Summ. J. Ex. A, Disability Plan.

The case was removed this Court on the basis of diversity of citizenship. Thereafter, the defendant filed a motion for summary judgment arguing that the plaintiff had admitted his inability to complete the essential functions of his position in applications made both to the Social Security Administration and Broadspire, the defendant's disability plan administrator, for long-term disability

benefits. On December 21, 2005, this Court's predecessor found that the plaintiff was not estopped from bringing a claim under the PWDCRA and permitted the plaintiff to proceed to trial.

Presently before the Court are several motions *in limine* filed by the defendant and a motion by the plaintiff to extend the case management and scheduling order to permit the addition of Cal Hoerneman, an expert witnesses for the plaintiff. The Court has considered the parties' submissions and heard oral argument in open court on November 15, 2006.

From the bench, the Court granted the plaintiff's motion to extend the scheduling order and permitted the plaintiff to add Horneman as an expert witness. Although the plaintiff was untimely in furnishing that expert's report, the Court concluded that the preclusion sanction was unduly harsh under the circumstances. As a consequence, the Court denied the defendant's motion seeking to preclude Hoerneman's testimony at trial. In addition, the Court granted the defendant's motion to exclude plaintiff's Exhibit 62, a downsizing manual. Because there was no allegation that the plaintiff's employment was terminated as a result of a reduction in work force, the Court concluded that the manual was irrelevant and therefore should not be admitted at trial.

The Court, however, denied the defendant's motion to exclude testimony at trial from the plaintiff's parents, grandparents, and a college professor, Dr. Brooks Byan. These individuals, by virtue of their personal knowledge and observations, are appropriate fact witnesses. Nonetheless, if the testimony becomes cumulative, the Court will entertain contemporaneous objections from the defendant at trial.

The Court took the remaining motion's under advisement: a motion to exclude evidence relating to the termination of the plaintiff's health benefits; a motion to exclude evidence of assurances of continued employment; a motion to exclude correspondence from plaintiff's counsel

to the defendant; and a motion to exclude the affidavit of Amanda Zaremba. Conceptually, these motions deal with the issue of the plaintiff's employment status and the defendant's obligation, if any, to reemploy the plaintiff with accommodation.

The plaintiff was injured in 1998. He was first informed by the company that his employment was terminated in 2004, after, he alleges, he sought to return to the company. He claims that following his accident, agents of the defendant visited him in the hospital and promised that once he was able, the company would return him to work. According to the plaintiff, when his condition improved such that he could perform the essential functions of his previous job, company representatives explained that he would be more valuable if he completed his degree in engineering. The plaintiff finished his degree as the company had asked, but the defendant, he maintains, refused to hire him in one of two positions for which he was qualified and had applied. During this time, the plaintiff believed he remained employed with the defendant, and it was only after his attorney sought clarification of his employment status did the defendant claim the plaintiff had been terminated. The plaintiff states, however, that his personnel file contains no record of his termination.

The defendant argued at the hearing that it had no obligation to hire or reinstate the plaintiff, with or without any accommodation. The defendant believes that the plaintiff, even if he remains an employee while receiving long-term disability payments nevertheless, must apply for any open position in the manner it has set forth – its online process at eatonjobs.com. The defendant disputes the plaintiff's assertion that its employees waived this requirement. No preference in the nature of an accommodation is or can be given to current employees who seek to change positions: they still must apply, like everyone else, through the website.

To reconcile the parties' positions, the Court requested that the plaintiff provide a supplemental response to the unresolved motions *in limine*. The purpose of the plaintiff's response is to set forth the factual and legal basis for his argument that because at one time he was employed, the circumstances surrounding and status of his employment with defendant are relevant to show he was entitled to preferential treatment as an accommodation of his disability. The Court also directed the defendant to provide supplemental briefing on its contention that an employee who establishes his or her entitlement to long-term disability is automatically terminated from employment relieving the defendant of any further obligation under the MPDCRA. The defendant is to make appropriate reference to the language of the long-term disability plan, if applicable.

Accordingly, it is **ORDERED** that the plaintiff's motion to extend the case management and scheduling order to add Hoerneman as a witness [dkt # 67] is **GRANTED** and the defendant's motion to preclude Hoerneman from testifying [dkt # 37] is **DENIED** for the reasons stated on the record. The defendant may select an expert for rebuttal purposes and will be permitted to depose Hoerneman.

It is further **ORDERED** that the defendant's motions to exclude testimony from the plaintiff's parents and grandparents as well as Dr. Brooks Byan [dkt #s 40, 41] are **DENIED WITHOUT PREJUDICE** for the reasons stated on the record. The Court will entertain contemporaneous objections at trial should testimony become cumulative.

It is further **ORDERED** that the plaintiff shall submit a supplemental response to the remaining motions *in limine* identifying the legal relevance of the evidence to an ultimate issue of fact involved in the case on or before **December 6, 2006** as outlined above. The defendant may file replies thereto on or before **December 20, 2006**.

It is further **ORDERED** that the defendant's file any motions with respect to the damages claimed in this case on or before **December 6, 2006** as discussed on the record.  The defendant shall also file a supplemental brief with respect to the provisions of the long-term disability plan as outlined above on or before **December 6, 2006**.

It is further **ORDERED** that the parties inform the Court on or before **December 20, 2006** whether they wish to proceed with facilitation before Magistrate Judge Virginia M. Morgan.

It is further **ORDERED** that trial, presently set for November 28, 2006 at 8:30 a.m., is **ADJOURNED**.  The Court will set a new date upon resolution of outstanding motions and facilitation should the parties agree thereto.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 28, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS