UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY P. SMITH,

        Plaintiff,

                                    Case Number 05-10060-BC
v.                                     Honorable Thomas L. Ludington

EATON CORPORATION,

        Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION ON DAMAGES, DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF TERMINATION, DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ASSURANCES OF CONTINUED EMPLOYMENT, GRANTING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF TERMINATION OF BENEFITS, GRANTING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE CORRESPONDENCE FROM PLAINTIFF'S ATTORNEY, GRANTING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE AFFIDAVIT OF AMANDA ZAREMBA, DENYING PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE MEDICAL EXAMINATION, DENYING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF AN ALLEGED POLICY OF TERMINATING EMPLOYEES ON LONG-TERM DISABILITY, AND DENYING CERTAIN MOTIONS AS MOOT**

      On January 3, 2005, the plaintiff filed a complaint in the Saginaw County, Michigan circuit court alleging that he was discriminated against under Michigan's Persons With Disabilities Civil Rights Act (PWDCRA), Mich. Comp. Laws § 37.1202, when his employer failed to reinstate him to active employment following a hunting accident that rendered him quadriplegic. Thereafter, the defendant removed the action to this Court on federal diversity jurisdiction.

      On August 24, 2005, the defendant filed a motion for summary judgment. In that motion, the defendant maintained that the plaintiff was estopped from bringing a claim under the PWDCRA because he admitted both to the defendant's long-term disability benefits administrator and the Social Security Administration that he is incapable of performing any occupation and therefore

cannot prove that he is a "qualified individual with a disability," an essential element of his claim. On November 14, 2005, the defendant filed a second motion for summary judgment asserting that the plaintiff failed to apply for any open positions.

This Court's predecessor heard oral argument on the matter on December 21, 2006. Judge Lawson denied both motions from the bench. The Court concluded that the plaintiff had proffered a sufficient explanation reconciling his claims for and receipt of disability benefits with his litigation position that he can complete the essential functions of his job. *See Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 803 (1999). The Court also determined that fact issues remained as to whether the plaintiff had applied in the appropriate manner for an open position.

A series of motions *in limine* followed. This Court heard oral argument on the motions on November 15, 2006. The Court summarized its ruling in a written order dated November 28, 2006:

> Presently before the Court are several motions in limine filed by the defendant and a motion by the plaintiff to extend the case management and scheduling order to permit the addition of Cal Hoerneman, an expert witnesses for the plaintiff.
> . . .
>
> From the bench, the Court granted the plaintiff's motion to extend the scheduling order and permitted the plaintiff to add Horneman as an expert witness. Although the plaintiff was untimely in furnishing that expert's report, the Court concluded that the preclusion sanction was unduly harsh under the circumstances. As a consequence, the Court denied the defendant's motion seeking to preclude Hoerneman's testimony at trial. In addition, the Court granted the defendant's motion to exclude plaintiff's Exhibit 62, a downsizing manual. Because there was no allegation that the plaintiff's employment was terminated as a result of a reduction in work force, the Court concluded that the manual was irrelevant and therefore should not be admitted at trial.
>
> The Court, however, denied the defendant's motion to exclude testimony at trial from the plaintiff's parents, grandparents, and a college professor, Dr. Brooks Byan. These individuals, by virtue of their personal knowledge and observations, are appropriate fact witnesses. Nonetheless, if the testimony becomes cumulative, the Court will entertain contemporaneous objections from the defendant at trial.

The Court took the remaining motion's under advisement: a motion to exclude evidence relating to the termination of the plaintiff's health benefits; a motion to exclude evidence of assurances of continued employment; a motion to exclude correspondence from plaintiff's counsel to the defendant; and a motion to exclude the affidavit of Amanda Zaremba. Conceptually, these motions deal with the issue of the plaintiff's employment status and the defendant's obligation, if any, to reemploy the plaintiff with accommodation.

The plaintiff was injured in 1998. He was first informed by the company that his employment was terminated in 2004, after, he alleges, he sought to return to the company. He claims that following his accident, agents of the defendant visited him in the hospital and promised that once he was able, the company would return him to work. According to the plaintiff, when his condition improved such that he could perform the essential functions of his previous job, company representatives explained that he would be more valuable if he completed his degree in engineering.

The plaintiff finished his degree as the company had asked, but the defendant, he maintains, refused to hire him in one of two positions for which he was qualified and had applied. During this time, the plaintiff believed he remained employed with the defendant, and it was only after his attorney sought clarification of his employment status did the defendant claim the plaintiff had been terminated. The plaintiff states, however, that his personnel file contains no record of his termination.

The defendant argued at the hearing that it had no obligation to hire or reinstate the plaintiff, with or without any accommodation. The defendant believes that the plaintiff, even if he remains an employee while receiving long-term disability payments nevertheless, must apply for any open position in the manner it has set forth – its online process at eatonjobs.com. The defendant disputes the plaintiff's assertion that its employees waived this requirement. No preference in the nature of an accommodation is or can be given to current employees who seek to change positions: they still must apply, like everyone else, through the website. To reconcile the parties' positions, the Court requested that the plaintiff provide a supplemental response to the unresolved motions in limine. The purpose of the plaintiff's response is to set forth the factual and legal basis for his argument that because at one time he was employed, the circumstances surrounding and status of his employment with defendant are relevant to show he was entitled to preferential treatment as an accommodation of his disability. The Court also directed the defendant to provide supplemental briefing on its contention that an employee who establishes his or her entitlement to long-term disability is automatically terminated from employment relieving the defendant of any further obligation under the MPDCRA. The defendant is to make appropriate reference to the language of the long-term disability plan, if applicable.

Dkt # 74.

The parties have complied with Court's order and furnished supplemental authority. However, because of docket management and the desire of the parties to facilitate the case, the Court denied without prejudice the outstanding motions. The parties were directed to refile those motions in the event facilitation proved unsuccessful. The parties were unable to reach consensual resolution and subsequently refiled their motions, including those that the Court had previously granted or denied. The parties' submissions include (1) a motion by the defendant on damages; (2) a motion by the defendant to exclude evidence of termination from employment; (3) a motion by the defendant to exclude evidence of any assurances of continued employment; (4) a motion by the defendant to exclude the trial testimony of Dr. Books Byan, which the Court previously denied; (5) a motion by the defendant to exclude the trial testimony of the plaintiff's parents and grant parent, which the Court also previously denied; (6) a motion by the defendant to exclude exhibit 62, a manual on preparing for downsizing, which the Court previously had granted; (7) a motion by the defendant to exclude an affidavit by Amanda Zaremba; (8) a motion by the defendant to exclude evidence relating to the termination of the plaintiff's long-term disability benefits; (9) a motion by the plaintiff to exclude evidence of an independent medical exam; (10) a motion by the plaintiff to exclude evidence of an alleged policy for automatic termination of employees receiving long-term disability benefits; and (11) a motion by the defendant to exclude a letter written by the plaintiff's attorney inquiring into the plaintiff's employment status.

The Court heard oral argument on July 26, 2007. The primary focus of the hearing was on the supplemental materials the parties were asked to furnish concerning the relevance of evidence of the plaintiff's termination from employment and assurances of continued employment. After considering the parties' submissions and arguments, the Court determined that such evidence is

relevant to the plaintiff's case. During the hearing, the plaintiff asserted that Eaton representatives promised him that he would remain an employee and as such he would receive preference over non-employees for position when he was fit enough to return. In addition, the plaintiff claimed that Eaton representatives would affirmatively look for an employment position that the plaintiff could fill.

In the Court' view, this evidence is relevant to demonstrating pretext that the real reason for failing to follow through with their representations and locating employment within the plaintiff's limitations. In contrast to the plaintiff's allegations, the defendant asserts that the plaintiff was not an employee after he began receiving disability benefits and that all employees and potential employees must apply on-line though eatonjobs.com. The plaintiff did not properly apply for any open position. Ultimately, a jury plausibly could believe the defendant's proffered non-discriminatory reason. At the same time, a jury could believe the plaintiff and conclude that the despite promises of employment, preferences, and help in returning to work, the defendant simply believed that the plaintiff could not perform a job and chose not to hire him or return him to work on that basis. The Court therefore denied the defendant's motion to exclude evidence of termination from employment and motion to exclude evidence of assurances of continued employment.

The remainder of the motions were more easily resolved. With respect to the defendant's motions for damages, the Court concluded that any award for lost wages would be subject to an offset in terms of the disability benefits he received. Further, no lost wages could be sought during the period prior to which he attempted to apply for jobs with the defendant. The motion therefore was granted in part and denied in part.

The Court granted the defendant's motions to exclude the affidavit of Amanda Zaremba, evidence relating to the termination of the plaintiff's benefits, and the letter written by the plaintiff's attorney inquiring into the plaintiff's employment status. The affidavit is hearsay and at best might be used on cross examination. The termination of benefits was an error that ultimately was corrected and bears little connection to the ultimate issues of fact to be tried by the jury. Finally, the letter would potentially subject the plaintiff's attorney to testifying at trial and its contents could be proved in a variety of different ways.

Finally, the Court denied the plaintiff's motions to exclude the evidence proffered by Eaton of an alleged policy for automatic termination of employees receiving long-term disability benefits and to exclude evidence of a medical exam. This evidence is critical to the defendant's defense at trial that the plaintiff cannot perform the primary functions of any job and to establish a legitimate non discriminatory reason that it treated all employees similarly for hiring purposes. The remainder of the motions – the defendant's motion to exclude trial testimony of Books Byan, its motion to exclude trial testimony of the plaintiff's parents and grandparent, and its motion to exclude exhibit 62 – were previously denied or granted as reflected in the Court's November 28, 2006 order.

Accordingly, it is **ORDERED** that the defendant's motion on damages [dkt # 78] is **GRANTED IN PART** for the reasons stated on the record and in this order.

It is further **ORDERED** that the defendant's motions to exclude evidence relating to termination and to exclude evidence of assurance of continued employment [dkt #s 89, 90] are **DENIED** for the reasons stated on the record and in this order.

It is further **ORDERED** that the defendant's motions to exclude evidence of the termination of benefits, to exclude correspondence from the plaintiff's attorney, and to exclude the affidavit of

Amanda Zaremba [dkt #s 91, 92, 96] are **GRANTED** for the reasons stated on the record and in this order.

It is further **ORDERED** that the defendant's motions to exclude the testimony of Book Byan, to exclude testimony of the plaintiff's parents and grandparent, and to exclude exhibit 62 [dkt #s 93, 94, 95] are **DENIED** as moot. The Court ruled on these motions in its November 28, 2006 order.

It is further **ORDERED** that the plaintiff's motions to exclude an independent medical exam and to exclude evidence of an alleged policy of automatic termination [dkt #s 97, 98] are **DENIED** for the reasons stated on the record and in this order.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: August 7, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 7, 2007.

s/Tracy A. Jacobs  
TRACY A. JACOBS